DLD-152                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3202
_____

MICHAEL RIVERA,
                                        Appellant

v.

C.O. II SERGEANT R. MCCOY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1-15-cv-02089)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2018)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Michael Rivera, proceeding in forma pauperis, appeals from the

District Court's grant of summary judgment in favor of defendant Sergeant Robert

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McCoy in an action Rivera brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion; these facts are undisputed unless otherwise noted. During the time relevant to this litigation, Rivera was incarcerated at the State Correctional Institution in Dallas, Pennsylvania. On January 20, 2015, Rivera assaulted a corrections officer; the officer lost his left eye during the attack.

In June or July 2015, Rivera first met McCoy at SCI Dallas. Rivera claims that McCoy repeatedly threatened to take out Rivera's eye in retaliation for the January assault and that McCoy threatened to fabricate misconduct reports against him. On August 7 and 8, 2015, Rivera reported McCoy's alleged threatening conduct. Rivera's grievance was denied as frivolous on August 24, 2015. When Rivera appealed, he claimed to possess ten unsworn declarations of inmates who saw McCoy engage in threatening behavior on those dates but did not name any witnesses or submit their declarations.

The Office of Special Investigations and Intelligence conducted an investigation of Rivera's allegations and ultimately concluded that they were unsubstantiated. Its ultimate report noted that Rivera refused to be brought to security for an interview regarding his allegations and that Rivera refused to identify any inmate who could provide information about the incidents at issue. Rivera unsuccessfully appealed the denial of his grievance through all available levels.

2

On August 21, 2015, McCoy wrote a misconduct report charging Rivera with using abusive, obscene, or inappropriate language with him. Rivera responded that McCoy had fabricated the misconduct report in retaliation for Rivera's earlier grievance against him and maintained that he did not say a word to McCoy that day. At Rivera's misconduct hearing, another correctional officer testified about the incident at Rivera's request but supported McCoy's version of events. Rivera was found guilty of the misconduct and sanctioned with thirty days in disciplinary custody. His subsequent appeals at all levels of the grievance process were denied.

On September 8, 2015, McCoy charged Rivera with refusing to obey an order and with possessing a cup in his cell, which was a contraband item. Rivera responded that McCoy again falsified the report because the only item on his desk was an orange. Rivera did not request any witnesses for his misconduct hearing. He was found guilty and sentenced to another thirty days in disciplinary custody; his administrative appeals were again unsuccessful.

In October 2015, Rivera filed a complaint against McCoy in the District Court alleging First Amendment retaliation pursuant to 42 U.S.C. § 1983. Rivera attached numerous unsworn declarations to his complaint by inmates who indicate that they heard interactions between McCoy and Rivera. Four inmates' declarations dated on either August 7 or 8, 2015 state that they heard McCoy threatening Rivera on those dates. Three inmates claimed to have heard McCoy threaten to falsify misconduct reports against Rivera on August 21. Finally, two inmates claim to have heard McCoy demand a cup from Rivera on September 8 and heard Rivera respond that he did not have a cup.

3

After the parties completed discovery, McCoy moved for summary judgment. The District Court granted McCoy's motion on September 11, 2017. Rivera timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal does not present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly granted summary judgment to McCoy on Rivera's First Amendment retaliation claim. "A prisoner alleging that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002).

If a prisoner makes out this prima facie case, the burden shifts to the prison

4

officials to show that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). "[W]e evaluate . . . 'the quantum of evidence' of the misconduct to determine whether the prison officials' decision to discipline an inmate for his violations of prison policy was within the broad discretion we must afford them." Watson v. Rozum, 834 F.3d 417, 426 (3d Cir. 2016). We have noted that "most prisoners' retaliation claims will fail if the misconduct charges are supported by the evidence." Id. at 425.

The District Court concluded that Rivera had stated a prima facie case of retaliation but that McCoy was entitled to summary judgment because the evidence supported the decisions to discipline Rivera. We agree with the District Court's ultimate conclusion.

Two corrections officers provided consistent testimony against Rivera regarding the August 21 incident, including one officer called as a witness by Rivera.[1] For the September 8 incident, the hearing examiner concluded that McCoy's account was more believable than Rivera's. Rivera did not call any witnesses for that hearing and none of

---

[1] At his deposition, Rivera testified that the officer he had called as a witness told him before the misconduct hearing that he could not truthfully recount what had happened. Rivera did not mention this issue at his hearing or in his administrative appeals. Rivera testified that other inmates witnessed this statement, but none of the unsworn statements he attached to his complaint recounted it. Further, it is not clear how this classic hearsay — an out of court statement offered to prove the truth of the matter asserted, see Fed. R. Evid. 801(c) — is capable of being admitted at trial, a prerequisite for consideration at summary judgment. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995).

the unsworn witness declarations attached to his complaint indicate that the authors personally observed what Rivera had on his desk. Rivera also did not offer any witness statements as supporting evidence at any stage of the administrative grievance process for either misconduct charge despite supposedly having ten of them in his possession. In this case, there is a sufficient quantum of evidence of misconduct to demonstrate that the discipline imposed on Rivera was reasonably related to legitimate penological interests and that he would have been disciplined regardless of his grievance against McCoy. See Watson, 834 F.3d at 426. Thus, we will affirm the District Court's grant of summary judgment. Rivera's motion for appointment of counsel is denied as moot.